BRADY v. CITY OF DETROIT.

1. TAXATION — SPECIAL ASSESSMENTS — PUBLIC IMPROVEMENTS — MUNICIPAL CORPORATIONS—INJUNCTION.

   The burden of proof is on a complainant seeking to restrain the collection of a paving assessment to show, as alleged by his bill of complaint, that a majority of the property owners abutting on the pavement did not sign the required petition, which was reported to the common council by the board of public works of the city of Detroit as sufficient, and found by the council accepting and adopting the report to be signed by a sufficient number.

2. SAME—COMMON COUNCIL.

   Such finding by the municipal council was conclusive until it was shown by the evidence to be incorrect.

3. SAME — SIDEWALK ASSESSMENTS — BOARD OF PUBLIC WORKS — NOTICE.

   Under the provisions of the ordinance of the city of Detroit providing for a notice by the board of public works to the

owner of property adjacent to which they should determine
that a sidewalk ought to be constructed, the determination
of the necessity for the walk by the board of public works is
requisite, and a notice sent out by an inspector employed by
such board is insufficient in the absence of its determination
therefor, and no sufficient notice was given in a case where
the notice served required that an existing sidewalk should
be repaired, and a new one was afterwards built without
further notice to the property owner.

Appeal from Wayne; Mandell, J.   Submitted April 14,
1911.   (Docket No. 23.)   Decided June 2, 1911.

Bill by Matthew Brady against the City of Detroit and
others to restrain the collection of certain special assess-
ments.   From a decree granting a portion of the relief
prayed both parties appeal.   Affirmed.

*Walker & Spalding,* for complainant.

*Walter Barlow* ( *P. J. M. Hally,* of counsel ), for
defendants.

STONE, J.   The bill of complaint in this cause was filed
to restrain the collection of a special assessment levied
by the city of Detroit for paving Hendrie avenue from the
west line of the Brush farm to St. Antoine street, and to
restrain said city from levying an assessment for the con-
struction of a sidewalk on Hendrie avenue in front of lots
6, 7, and 8, and on St. Antoine street along the side of lot
6.   The complainant was the owner in fee of lots 6, 7, 8, 9,
and 10, in block 44, of Ferry & Lyster's subdivision of
part of the Beaubien farm fronting on Hendrie avenue.
Before July 9, 1901, a petition was circulated to secure the
names of the owners of a majority of the property abutting
on the part of Hendrie avenue proposed to be paved, in
order that the street might be paved under section 6, chapter
11, of the charter.   On July 9, 1901, a petition purporting
to be signed by the owners of a majority of the real estate
abutting on that part of Hendrie avenue proposed to be

paved was presented to the common council of Detroit, and referred to the department of public works. On August 20th the department of public works reported that said petition was signed by the owners of a majority of the real estate abutting on said avenue, and recommended that the pavement be made. A resolution was adopted by the common council at a meeting held August 20, 1901, ordering said street to be graded and paved from the Brush farm to St. Antoine street. Thereafter the usual proceedings for paving streets in said city were taken.

The bill of complaint alleges that said petition was not signed by the owners of a majority of the property fronting on the part of said street proposed to be paved, as required by section 2 of chapter 32 of the revised Ordinances of the City of Detroit of 1895, and section 6 of chapter 11 of the charter of said city. This is denied by the answer.

· Counsel for complainant in their brief use the following language:

"The length to be paved was 2,162 feet. The petition purported to be signed by the owners of 1,113 feet, which would be a majority of 32 feet."

We have carefully examined the record, and have earnestly attempted to find any evidence to support the statement that the length to be paved was 2,162 feet. In our judgment complainant's case cannot be sustained without some proof before us of the number of feet to be paved. Defendants challenge the correctness of complainant's statement, and urge that the statement that the petition was not signed by the owners of a majority of the property, fronting on the part of said street proposed to be paved, was denied by the answer; that the burden was thus cast on complainant to prove this allegation; and that he has failed to do it.

We have endeavored, from the record, to find some basis for the claim of complainant; but we are unable to do so. Nor is there anything in the record to show how many cross-streets and alleys intersected the paved por-

tion of Hendrie avenue between the west line of Brush farm and St. Antoine street.

To determine the frontage of the real estate abutting the pavement, it would be necessary to measure the pavement, and then deduct the width of the intersecting streets and alleys from the length of the pavement. Neither the length of the pavement nor the width of the intersecting streets and alleys was shown on the hearing, as appears by the record. As the record stands, there is nothing to show what the facts are in regard to the actual frontage of the real estate abutting this pavement.

The petition for the pavement recited that it was signed by the owners of a majority of the property on both sides of the avenue. The department of public works, to whom the petition was referred, reported back to the common council that the petitioners were "owners of the greater number of feet frontage of real estate abutting on the avenue proposed to be improved," and recommended the pavement. The common council accepted and adopted this report, and ordered the avenue to be paved.

The finding of the council would seem to be conclusive on this question, until the contrary is shown by the evidence in the case, and the burden of such showing was on the complainant.

We have carefully examined the testimony of the witness Long, and all of the other evidence offered, and are unable to determine from any evidence in the case either the length of the pavement, or that the petition was not signed by the owners of a majority of the property fronting on the part of said street proposed to be paved, even if we were to deduct the number of feet claimed by complainant to have been erroneously included by the persons signing the petition. This renders it unnecessary to discuss the several questions urged by complainant's counsel in their brief.

The circuit judge, upon the hearing, entered a decree against the complainant and dismissed the bill as to the

pavement, and we think the conclusion reached by him was correct.

The complainant claims that the proceeding on the part of the city to build the new sidewalk was without authority. A sidewalk had previously been built by the complainant. Some time in the year 1900 he received notice to repair said walk. Said notice purported to issue from the department of public works. Complainant examined the walk and found a few planks missing. The rest of the walk was in good condition. He concluded, under advice, to let the department of public works repair the walk, as it was a small job, and they could do it cheaper than complainant. Subsequently, and in December, 1902, complainant received a bill amounting to $160.65, for building a new sidewalk. An inspector of the board of public works testified that, according to the practice of that department, the inspector, when he saw a sidewalk that he thought needed repairing or rebuilding, prepared and served notices without referring the matter to the board of public works; that the board did not make these notices, but it was done by the inspector on his own responsibility, the inspector stamping the signature of the president of the board on the notices with a rubber stamp.

The power to compel the rebuilding or repairing of sidewalks could only be exercised when, in the judgment of the board of public works, such rebuilding or repairing was necessary. Revised Ordinances of 1895, chap. 56, § 13. This section provides, in substance, that it shall be the duty of the board of public works to notify the owner of a lot in front of or adjacent to which there is no sidewalk, and where, in their judgment, the sidewalk is necessary, to build one within 10 days from the date of notice, or any lot in front of or adjacent to which the sidewalk is out of repair or dangerous, to repair it within 48 hours, or rebuild it, if, in the judgment of the board, it should be rebuilt, within 10 days from notice.

The circuit judge found, with reference to the sidewalk, that it appeared that complainant did not have such notice

as is required by law to reconstruct it, and the court made the temporary injunction, theretofore issued restraining the collection of the assessment to be levied for the purpose of building and constructing said walk, permanent.

We think the circuit judge reached the correct conclusion in the matter of the sidewalk, and the decree of the circuit court is in all things affirmed. No costs will be awarded to either party, both having appealed.

OSTRANDER, C. J., and BIRD, HOOKER, and BLAIR, JJ., concurred.